# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 98-50165
Summary Calendar

ORELIOUS WASHINGTON,

Plaintiff-Appellant,

versus

WILLIAM J. HENDERSON, Postmaster General

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CA-0038

December 1, 1998

Before KING, BARKSDALE, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge, :[1]

Plaintiff-appellant Orelious Washington appeals the district court's decision granting Defendant-appellee William J. Henderson's Motions to Dismiss and for Summary Judgment. This case arises out of Washington's employment discrimination claims that his employer, the United States Postal Service, discriminated against him when it did not promote him. Washington also alleged that there was a pattern and practice of discrimination and a hostile work environment against black employees at the San Antonio branch of the U.S. Postal Service. The district court dismissed

---

[1]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.

his employment discrimination claims because Washington produced no evidence that was qualified for the job of which he complains, and dismissed his remaining claims because he had failed to exhaust his administrative remedies. Washington argues on appeal that the district court erred when it found that there was no genuine issue of material fact as to Washington's lack of qualifications. He does not appear to argue that the district court erred in dismissing his remaining claims. For the foregoing reasons, we AFFIRM the district court's decision to dismiss and grant summary judgment upon Washington's claims.

## FACTUAL BACKGROUND

Washington began his full-time employment with the United States Postal Service as a letter carrier in Inglewood, California in 1970. While in California, he changed jobs twice within the Postal Service. First, he was reassigned as a maintenance mechanic, known as an MPE-7, in 1982. Second, he was promoted from MPE-7 to become an electronic technician, known as an ET-8, in 1985.

In September 1993, Washington requested that he be transferred to San Antonio, Texas. The request was voluntary, and in making this request, Washington indicated he would accept reassignment into the position of MPE-6, MPE-7, or ET-8. The Postal Service granted his request, and he accepted a position in San Antonio as an MPE-7, effective April 30, 1994.

In October 1993, while still in California, the ET-8 position was eliminated, and everyone (including Washington) in that position was upgraded to ET-9. Thus, when Washington arrived in San Antonio in April, 1994, he was downgraded, pursuant to his voluntary request, from an ET-9 to an MPE-7.

Less than a year later, on February 9, 1995, the Postal Service in San Antonio posted two announcements entitled "Notice of Intent to Fill a Vacancy," stating that two ET-9 positions were

2

to be filled. The manner in which such vacancies are filled in the Postal Service is a fairly mechanical one. Promotion eligibility registers (PERs) are created for several positions, including the ET-9 – the one at issue in this case.  A PER is a list of employees, ranked according to score, who are eligible for a particular position.   There are three components that make up this score: (1) a written examination; (2) a supervisor evaluation; and (3) a review panel evaluation. The three components, when completed, are submitted to the National Test Administration Center, which scores the individual elements and generates a numerical score for the employee. Candidates who are rated as eligible for a particular position are ranked.  When a vacancy occurs, management is required to offer the vacant position to the person at  the top of the list on the applicable PER, and if that person declines, to the next person listed, and so on.

The filling of these vacancies were governed by the Maintenance Selection System ("MSS") as set forth in the National Agreement and in the Management Instructions implementing that Agreement. The MSS was first implemented on July 2, 1985.  Importantly, the MSS provided that previous PERs made prior to that date were abolished, and were replaced with new ones. In other words, a person who had before July 1985 appeared on a PER would have to reapply anew in order to be placed on a PER.

In this case, the job vacancy posting was in accordance with the procedures set forth in the National Agreement and the applicable Management Instructions. Eight people were listed on ET-9 PER in February 1995. As required, the highest ranked person on the list was offered the first of the two ET-9 openings. The first person declined the promotion, however. Accordingly, the next two highest ranked persons on the ET-9 list, Tom Branigan and Jesse Stieffel, were offered the

3

promotions. Both accepted. Critically, Washington was not on the ET-9 PER in San Antonio at the time the two ET-9 positions were offered.

PROCEDURAL BACKGROUND

On March 7, 1995, Washington filed an informal complaint of discrimination with the EEO office of the Postal Service. In this informal complaint, he alleged that he was discriminated against on the basis of "race, color, age (54), national origin, black male." Specifically, Washington complained about the fact that he was not considered or selected for either of the two ET-9 positions. On May 2, 1995, Washington filed this formal complaint of discrimination in this case. In his formal complaint, he alleged that he was discriminated against on the basis of race and age. His complaint was investigated, and after an administrative hearing on June 13, 1996, the EEOC administrative judge issued a finding of no discrimination.

On January 8, 1997, Washington filed his original complaint in federal district court, seeking damages for employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-1 et seq, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 701-794a. Both claims were based on the Postal Service's failure to promote him in February 1995. In addition, he alleged that there was a pattern and practice of discrimination, as well as a hostile work environment, against black employees at the Postal Service.

On January 15, 1998, the district court granted Defendant-appellee's motion to dismiss and for summary judgment on all of Washington's claims. The district court dismissed his employment discrimination claims because Washington produced no evidence that was qualified for the job of which he complains, and dismissed his remaining claims because he had failed to exhaust his administrative remedies.

4

**DISCUSSION**

**I.**

We review de novo the district court's decision to grant summary judgement on Washington's Title VII and ADEA employment discrimination claims. See, e.g., Sherrod v. American Airlines, 132 F.3d 1112, 1119 (5th Cir. 1998). To establish a prima facie case of race discrimination, a plaintiff must show, among other things, that he was qualified for the position. See, e.g, Waggoner v. City of Garland, 987 F.2d 1160, 1163 (5th Cir. 1993). The same requirement applies when a plaintiff attempts to make a prima facie case of age discrimination on a failure to promote or non-selection claim. See, e.g., Lindsey v. Prove Corp., 987 F.2d 324, 326-27 (5th Cir. 1993).

As the court observed, Washington conceded that he was not on the applicable PER when the vacancies were filled. Washington therefore cannot establish that he was "qualified" for the positions of which he complains.[2] It is well established that a plaintiff bears the burden of proving a prima facie case of discrimination to survive a summary judgment motion, and failure to do so mandates the entry of summary judgment. See, e.g., Davis v. Chevron U.S.A., Inc., 14 F.3d 1082, 1084-85 (5th Cir. 1994). Washington therefore cannot establish a prima facie case of race or age discrimination under Title VII and the ADEA respectively. We thus must affirm the district court's decision.

**II.**

_____

[2]Washington argued to the district court that it was the Postal Service's fault he was not on the PER because it failed to locate his MSS records from California prior to the posting of the vacancies. As the district court pointed out, however, these lost records have no bearing on this case. When the MSS took effect in July 1985, it abolished previous PERs and scores associated with them. Washington's only PER score was generated prior to that date, and so the records the Postal Service failed to locate could have had no effect on his qualifications for the posted job vacancies.

We need not review the district court's decision to dismiss Washington's remaining claims of a pattern and practice of discrimination and a hostile work environment against black employees at the San Antonio branch of the U.S. Postal Service. The district court's decision was based on the observation that he had failed to exhaust his administrative remedies on these claims before bringing this suit in federal court. We need not reach the merits of this decision as Washington failed to brief the exhaustion of administrative remedies issue. An appellant abandons all issues not raised and argued in its initial brief. See, e.g., Webb v. Investacor, Inc., 89 F.3d 252, 257 n.2 (5th Cir. 1996).

**III.**

For the foregoing reasons, we AFFIRM the district court's decisions in this matter.